IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Charles Lee Britt, )
    Petitioner, )
     )
v. ) 1:09cv1205 (JCC/JFA)
     )
Gene Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Charles Lee Britt, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his parole revocation hearing. On April 15, 2010, respondent filed a Motion to Dismiss and Rule 5 Answer. Britt was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, Britt's claims must be dismissed.

### I. Background

In two separate cases in the Circuit Court of the City of Norfolk, Virginia, Britt was sentenced to twelve (12) years imprisonment with nine (9) years suspended for possession of heroin, and thirteen (13) years imprisonment with ten (10) years suspended for possession of cocaine with intent to distribute as a second offense. Britt was released on probation, but his probation was revoked at a hearing on October 27, 2006 and he was sentenced to serve the remainder of the suspended sentences. Britt appealed this decision, arguing that he had been denied effective assistance of counsel at the revocation hearing and that his constitutional rights were violated when

he was sentenced outside of the sentencing guidelines. The Court of Appeals of Virginia denied Britt's appeal on June 29, 2007, and the Supreme Court of Virginia refused the petition for appeal on January 15, 2008.

Britt filed a petition for writ of habeas corpus in the Circuit Court of the City of Norfolk, arguing that the trial court did not properly consider the sentencing guidelines[1] and that his counsel was ineffective for (1) failing to object to the trial court's failure to consider the sentencing guidelines, (2) failing to present certain witnesses, (3) failing to subpoena a probation officer, and (4) failing to prepare a defense. The court dismissed the petition on October 3, 2008,[2] holding that the claim that the trial court did not properly consider the sentencing guidelines could have been raised at trial and on appeal and thus was procedurally barred from state habeas review, that the petitioner was not entitled to counsel at his probation revocation hearing, and that, even if petitioner was entitled to counsel, his attorney was not ineffective. The Supreme Court of Virginia refused the petition on May 13, 2009.

## II. Procedural Bar

The Supreme Court of Virginia refused Britt's state petition for writ of habeas corpus based on a finding of procedural default under Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that

---

[1] It is unclear whether petitioner intends to assert a claim of trial court error. In an abundance of caution, this Court will consider the claim of trial court error because it was properly exhausted before the state courts.

[2] In the February 23, 2010 Order, this Court noted that petitioner's claim for ineffective assistance of counsel for failing to object when the trial judge did not consider the sentencing guidelines was treated solely as a claim of trial court error in the state court. However, upon careful additional review of the state court records, it is now clear that the circuit court addressed both the claim of trial judge error and the claim of ineffective assistance of counsel.

a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; see also Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Britt argues that his attorney's failure to object to the trial judge's failure to consider the sentencing guidelines constituted ineffective assistance of counsel, which could constitute cause for his procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (noting that an ineffective assistance of counsel claim can serve as cause to excuse a procedural default if the ineffective assistance claim itself was properly presented). However, as will be discussed, Britt cannot rely on the ineffectiveness of his counsel to excuse his procedural default because Britt's ineffective assistance of counsel claims are without merit.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a

3

federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

Britt alleges that his counsel (1) failed to object to the trial court's failure to consider the sentencing guidelines, (2) failed to present certain witnesses, (3) failed to subpoena a probation officer, and (4) failed to prepare a defense. To prevail, Britt must first show that he was entitled to

4

the assistance of counsel at his probation revocation proceeding. See Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (holding that a probationer is entitled to a revocation hearing, but that due process does not require the appointment of counsel for that hearing unless counsel would be necessary to ensure fundamental fairness); see also Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (noting that one can only prevail on a claim of ineffective assistance of counsel in a habeas proceeding if he had a constitutional right to counsel in the underlying proceeding). Britt must then show that his counsel was ineffective.

A. Right to Counsel at Probation Revocation Hearing

Counsel should be provided at a revocation hearing if the probationer makes a "timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." Gagnon, 411 U.S. at 790. The probationer's ability to speak effectively for himself is also considered. Id. at 791. Under this standard, Britt has not demonstrated that he was entitled to counsel at his revocation hearing.

The probation violation report that was admitted at Britt's revocation hearing stated that Britt had violated the terms of his probation by failing to maintain regular employment, failing to follow the probation officer's instructions and report as requested, and testing positive for controlled substances. See Mem. in Support of Pet. for Habeas Corpus 1-3, ECF No. 2-6. Britt argues that he was constitutionally entitled to counsel at his revocation proceeding because he had made timely and colorable claims (1) that he had not violated the conditions of his probation that required him to

5

maintain employment and to follow the instructions of counsel, which included completing a drug program, and (2) that he had substantial reasons which mitigated his admitted violation of the condition that prohibited the use of controlled substances, which made revocation inappropriate, and that those reasons were complex and difficult to develop or present. In support of these arguments, Britt explains that his position with Norfolk State University satisfied the condition that Britt maintain employment, and that his completion of the "Freedom Within" Program satisfied the condition that Britt comply with the instructions of his probation officer, which included a requirement to complete a drug rehabilitation program. Britt further explains that his efforts to stay drug-free and his participation in a drug evaluation program were complex and substantial mitigating reasons that made revocation inappropriate.

Upon review of Britt's state habeas petition, the Circuit Court for the City of Norfolk held that Britt was not entitled to counsel at his probation revocation hearing under the Gagnon standard. See Mem. in Support of Pet. for Habeas Corpus 2, ECF No. 2-3. The circuit court's order does not explain the basis for its decision, but its holding must be based on findings that Britt's claims were not colorable as there is no indication in the record that his claims were untimely. The circuit court's citation to Gagnon and the facts that were presented to the court together establish that its decision was not contrary to, or an unreasonable application of, clearly established federal law, nor was its decision based on an unreasonable determination of the facts.

1. Britt's Claims That He Had Not Violated the Conditions of Probation

The circuit court's conclusion that Britt had not presented a colorable claim that he had not violated the conditions of his probation was not contrary to, or an unreasonable application of,

federal law because it fits within decisions reached by the United States Supreme Court on this question of law in cases with similar facts. Williams, 529 U.S. at 413. The fact that an individual has admitted to committing another serious crime "creates the very sort of situation in which counsel need not ordinarily be provided." See Gagnon, 411 U.S. at 791. In this case, Britt admitted that he had no employment during the summer months in his direct appeal of the revocation hearing to the Supreme Court of Virginia, when he stated that he had "employment at Norfolk State University, which would have resumed at the beginning of a new school year." See Pet. for Appeal 8, ECF 10-2. Britt's admission that his employment "would have resumed" is tantamount to an admission that he had not maintained employment during the summer months as required. At the revocation hearing Britt also admitted that he had tested positive for controlled substances, and he has not provided any evidence that he has completed a drug program while under supervision. An individual who has admitted to violating conditions of his probation is similar to an individual who has admitted to committing another serious crime in that neither individual will need the aid of counsel to present evidence to contest the facts presented at the hearing. Thus, the circuit court's holding in the state habeas proceeding that Britt had not made a colorable claim that he had not violated the conditions of his probation was not contrary to, or an unreasonable application of, federal law because Britt had actually admitted to the violations.

Moreover, the circuit court's conclusion that Britt failed to make a colorable claim that he had not violated the conditions of his probation was not based on an unreasonable determination of the facts. Williams, 529 U.S. at 413. Britt argues that he had made a timely and colorable claim that he had not violated the conditions of probation relating to maintaining regular employment and

7

following the probation officer's instructions, which included a requirement to complete a drug program. See Mem. in Support of Pet. for Habeas Corpus 8, ECF No. 2. To support these allegations, Britt supplied an earnings statement showing Britt had worked through May 19, 2006 and a certificate of completion of the "Freedom Within" Program in October of 2000. See Mem. in Support of Pet. for Habeas Corpus 12-13, ECF No. 2-1. However, this evidence does not contradict the statements in the probation violation report, wherein the probation officer states that Britt's supervision start date was June 14, 2005 and recognizes that Britt had been employed by Norfolk State University up until May of 2006. Though Britt maintains that he never left his position with the university, the report states that "Britt was continually told he must maintain employment or submit paperwork that he was actively seeking employment" and that "Britt had no verifiable employment after May 2006." Further, Britt's completion of the "Freedom Within" Program in October of 2000 does not refute the probation officer's report indicating that Britt had failed to attend a drug rehabilitation program while under supervision, which began on June 14, 2005. Based on these facts, it is evident that Britt has failed to rebut the presumption of correctness of the circuit court's determination of the facts by clear and convincing evidence. Therefore, the circuit court's rejection of Britt's claim that he had not violated the conditions of probation was not based on an unreasonable determination of the facts.

2. Britt's Claims That He Had Mitigating Reasons for the Violations

Although Britt admitted that he had tested positive for controlled substances at the revocation hearing, he argues that he had made a timely and colorable claim of "justification and mitigating reasons" for this violation. See Mem. in Support of Pet. for Habeas Corpus 12, ECF No. 2. Britt's

8

apparent mitigating reasons for the violation are that he had been "making substantial efforts to stay drug free," id. at 10, and that he had been participating in a drug evaluation program that may have provided false positives on drug tests. See Pet. for Appeal 8, ECF 10-2.

The circuit court's conclusion that Britt was not entitled to counsel to present these mitigating reasons at his revocation hearing was in line with the Supreme Court's decisions on this issue and therefore, the conclusion was not contrary to, or an unreasonable application of, federal law. Counsel is not constitutionally required at a revocation hearing even if the probationer has mitigating reasons for his violation as long as the reasons are not too complex for the probationer to present himself. Gagnon, 411 U.S. at 790. While counsel may be necessary to present reasons that "require[] the examining or cross-examining of witnesses or the offering or dissecting of complex documentary evidence," counsel will likely not be required when the mitigating evidence is "so simple as not to require either investigation or exposition by counsel." Id. at 787. The facts that Britt wanted the court to consider as mitigating reasons for his violation were not complex and were actually presented at his revocation hearing, during which Britt submitted a letter from a physician relating to the drug evaluation program and testified about his efforts to remain drug-free. Thus, they were not the type of reasons that would normally require the appointment of counsel, especially because Britt was demonstrably capable of presenting these reasons himself. Because the circuit court's conclusion fits within the Supreme Court's reasoning in Gagnon, it was not contrary to, or an unreasonable application of, federal law.

Further, the circuit court's finding that Britt's mitigating reasons for the violation of the condition prohibiting the use of controlled substances were either not colorable or not too complex

for Britt to present himself was not based on an unreasonable determination of the facts. Britt was actually able to present these mitigating reasons for his violation to the court at his revocation hearing by submitting the letter from the physician and testifying himself, and he has again demonstrated his ability to present those reasons in the instant petition. Clearly, the circuit court's decision that Britt was not entitled to counsel at his revocation hearing was not contrary to, or an unreasonable application of, federal law, nor was it based on an unreasonable determination of the facts. Thus, Britt's federal petition for a writ of habeas corpus must be dismissed.

B. Ineffective Assistance of Counsel

Even if Britt had been entitled to the appointment of counsel, he would not succeed on his claims of ineffective assistance of counsel unless he showed that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984) (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

Moreover, a court does not need to review the reasonableness of counsel's performance if petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998). With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must

10

be highly deferential," Strickland, 466 U.S. at 689, and the court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In order to undermine confidence in the trial outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

Britt contends that his attorney provided ineffective assistance when he failed to object to the trial court's failure to consider the sentencing guidelines, failed to present certain witnesses, failed to subpoena a probation officer, and failed to prepare a defense. Specifically, Britt states that his attorney did not object to the sentence imposed although it was significantly longer than the sentence recommended under the guidelines, "advised Britt to plead guilty to all aspects of the violation report and 'accept responsibility' for every allegation made," and refused to follow Britt's directions to call certain witnesses. See Mem. in Support of Pet. for Habeas Corpus 11, ECF No. 2.

Britt has failed to demonstrate that his attorney's actions and omissions caused prejudice in his case. Nothing in Britt's petition indicates that these witnesses would have provided any evidence that would have had a probability of changing the outcome of the revocation hearing such that it is sufficient to undermine confidence in that outcome. One of the witnesses, Mr. Carl Brockett, would have testified that Britt completed the "Freedom Within" Program on October 10, 2000, but as previously noted, this evidence would not have undermined the conclusion that Britt had failed to complete a drug program after he was put under supervision in 2005. The second witness that Britt wanted his attorney to contact was Ms. Kerry, his supervisor from Norfolk State University,

11

who allegedly would have testified that Britt "had employment." However, as noted in the violation report, Britt's probation officer had instructed Britt to find employment during the months when the university was not in session, and Ms. Kerry's testimony would not have undermined the conclusion that Britt had not followed the probation officer's instructions to submit proof that he had either found another position for that time period or was unable to work.

Finally, Britt argues that his attorney should have subpoenaed the probation officer and questioned him as a witness at the revocation hearing. The fact that the violation report was completed by the same probation officer that Britt asked his attorney to subpoena indicates that there was little likelihood that his testimony would have undermined the conclusions that the court reached based on that report. The probation officer's statement in the report that Britt had been "as blatantly dishonest and manipulative as anyone supervised in close to 30 years" would have given Britt's attorney ample reason not to subpoena that officer as a matter of strategy because there patently was no reason to believe that the officer's testimony would have been positive or helpful to Britt.

Under the deferential Strickland standard of review, this Court must presume that Britt's attorney had decided not to call these witnesses as a matter of trial strategy. It is well established in federal jurisprudence that "'[c]ounsel's strategic choices made after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir. 2008), cert. denied, 129 S. Ct. 1579 (2009) (quoting Strickland, 446 U.S. at 690-91). In particular, decisions concerning the calling of witnesses are matters of strategy left to the attorney, and ordinarily cannot constitute ineffective assistance. Jones v. Taylor, 547 F.2d 808 (4th Cir. 1977). Although ultimately unsuccessful, it was not unreasonable for the circuit court to conclude that Britt had not overcome

the strong presumption that these actions were part of a sound trial strategy. Therefore, because Britt has not demonstrated that the Supreme Court of Virginia's rejection of the ineffective assistance claims was contrary to, or an unreasonable application of, clearly established federal law, the claims must be dismissed. Additionally, because Britt has thus failed to demonstrate cause and prejudice for the procedural default of his claim of trial court error, it must be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 16 day of Nov. 2010.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia